**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KARYN TURNER                                                    Case No. 1:20-cv-360

    Plaintiff,                                                        Barrett, J.
                                                                Bowman, M.J.
    v.

CITI,

    Defendant.

**REPORT AND RECOMMENDATION**

This action is before the Court on the *pro se* Plaintiff's application to proceed *in forma pauperis*. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint alleges discrimination and/or retaliation by a former employer. Upon review, the undersigned recommends dismissal of this action because Plaintiff has failed to exhaust her administrative remedies and fails to state any claim upon which relief may be granted.

**II.  Analysis**

**A.  Screening Standard**

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)); *see also Hill,* 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

**B. Plaintiff's Complaint**

Application of these general standards to Plaintiff's employment discrimination complaint favors dismissal of this case for failure to state a claim. Plaintiff's complaint identifies her former employer ("Citi") as the sole Defendant. She has used a standard pro se employment discrimination complaint form, indicating her intention to file suit under 42 U.S.C. § 2000e-5(f)(1). The referenced complaint form clearly explains that suit may be filed only if the plaintiff first files a charge with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission. (Doc. 1-2 at 1). In order to ensure

3

compliance with the prerequisite of administrative exhaustion under Title VII, the complaint form directs the pro se litigant to state the date that "the notice of right to sue was issued by the Equal Employment Opportunity commission." (Doc. 1-2 at 2). Plaintiff has left that portion of the complaint form blank. The complaint form also requires the pro se litigant to "ATTACH A COPY OF THE NOTICE OF RIGHT TO SUE TO THIS COMPLAINT." (*Id.*, emphasis original). However, Plaintiff has failed to attach any Notice and the allegations of her complaint do not contain any reference to a prior charge of discrimination.

"Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003)(quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989))(other citations omitted). These requirements exist "so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randalph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). "Where the plaintiff files suit prior to receiving the right to sue letter, the district court is compelled to dismiss the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 821 n. 10 (6th Cir. 2003)(citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). On its face, Plaintiff's complaint suggests she has not yet exhausted her administrative remedies or received a notice of right to sue from the EEOC.

4

Therefore, her federal lawsuit is premature and fails to state a claim upon which relief may be granted.

In addition to her apparent failure to exhaust administrative remedies as required under Title VII, the allegations contained in Plaintiff's complaint fail to satisfy the minimal *Iqbal/Twombly* pleading standards. The complaint form used by Plaintiff explains that federal law prohibits employers from discriminating based upon "race, color, religion, sex or national origin," and that other unlawful employment practices are set out in 42 U.S.C. § 2000e-2(a) through (d). (*Id.* at 2). The form then asks the pro se litigant to set forth the facts that support her discrimination claim.

In her "Statement of Claim," Plaintiff includes the following allegations:

> After working a 40 hr week, I was not paid on 8/23/19 when I inquired about it, I was told "I probably owed bills...and it was taken" I was also told by Lisa Padgette (trainer[)] that she could not assist me with getting my paycheck. I continued to call every day about my pay, only to be told I would receive it (I was given multiple dates). I also could not sign up for insurance because I was given the wrong ID number. I was eventually paid on 9/13/19. During this time I reported these issues to the ethics Dept. I the[n] began to be retaliated against. I was told that I would have to be put into another training class. I missed days of work because I wasn't paid. I was told I could have found a way to get there.. I was called names (I consider slurs). I was told that I could not miss another day. I could not use my insurance. They refused to tell me why I had to wait on backpay. Very hostile work environment. I was fired.

(Doc. 1-2 at 2-3). In the "Relief" section of the complaint form, Plaintiff seeks "back pay" and her "insurance cost" as well as punitive damages in the amount of $250,000.00 for "emotional distress." (*Id.* at 3).

Plaintiff's allegations do not provide sufficient factual detail to give the Defendant "fair notice" of the nature of her claim. The undersigned cannot discern from the face of the complaint whether Plaintiff is attempting to allege discrimination or retaliation based

5

upon <u>any</u> suspect class. Rather, the most the undersigned can infer is that Plaintiff began working for the employer and complained to an unknown person or persons about a perceived delay in the receipt of her first paycheck (from 8/23/19 until 9/13/19). There is no allegation that would tie the allegedly tardy payment to discrimination. Plaintiff also complains that an unidentified person gave her the "wrong ID number" for enrollment in what is presumed to have been employer-sponsored insurance coverage, but again, there is no indication that error was deliberate or based upon a suspect class (assuming Plaintiff is a member of a protected class despite her failure to include any such allegations).

The undersigned further infers that Plaintiff may have been fired for excessive absenteeism, which Plaintiff appears to attribute to her lack of funds for transportation to the job site. Again, however, Plaintiff includes no factual allegations that would support any type of claim under Title VII or any other federal employment discrimination law. In short, Plaintiff's complaint contains nothing more than the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has directed courts to dismiss. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

At this juncture, the undersigned has construed the complaint jurisdictionally as asserting a federal cause of action, but concludes that Plaintiff has failed to state any viable claim for the reasons stated. It is also worth noting that Plaintiff does not reside in Ohio, and has identified a Tampa, Florida address for her former employer. The lack of any clear connection to this federal district calls into question the separate issue of venue. It is possible that venue would be proper if the events that gave rise to this litigation arose in Ohio but that remains unclear due to the lack of factual detail included in the complaint.

However, the foregoing conclusion that the complaint should be dismissed renders moot any concerns as to venue.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim, and that this case be **CLOSED**.

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KARYN TURNER

    Plaintiff,

        v.

CITI,

    Defendant.

Case No. 1:20-cv-360

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).