UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| KARYN TURNER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 2:20-cv-00105-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CITI, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court to conduct an initial screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2).[1] However, some discussion of the procedural background of this case is warranted before turning to the substance of Plaintiff's Complaint. Proceeding without counsel, Plaintiff Karyn Turner originally filed her Complaint in the United States District Court for the Southern District of Ohio, alleging discrimination and retaliation by her former employer, Defendant Citi. *Turner v. Citi*, No. 1:20-cv-360 (S.D. Ohio 2020). [R. 3.] To file her Complaint, Turner used the Southern District of Ohio's *pro se* employment discrimination complaint form, indicating her intent to file suit under 42 U.S.C. § 2000e-5(f)(1).

On May 19, 2020, a Magistrate Judge issued a Report and Recommendation recommending that Turner's Complaint be dismissed without prejudice on initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B), both because Turner had failed to exhaust her administrative remedies prior to filing her lawsuit and because her complaint failed to state any claim upon which relief may be granted. [R. 5.] The Magistrate Judge noted that, in her

---

[1] By a separate order, Turner was granted permission to proceed in this matter *in forma pauperis*. [R. 2.]

Complaint, Turner failed to indicate the date that the notice of right to sue letter was issued by the Equal Employment Opportunity Commission ("EEOC"), nor did she attach a Notice letter to her Complaint or otherwise make any allegations referencing a prior charge of discrimination. *Id.*[2] The Magistrate Judge further concluded that Turner's allegations in her Complaint did not provide sufficient factual detail to give Defendant "fair notice" of her claim. *Id*. While Turner alleged that her first paycheck was delayed; she was given the "wrong ID number" for enrollment in insurance coverage; that she complained and was retaliated against; and that she was called names that she considers slurs, she failed to allege discrimination or retaliation based upon her membership in any protected class, nor did she identify any protected class to which she belongs. *Id*. The Magistrate Judge also pointed out that the factual allegations raised questions as to whether venue was proper in Ohio, as Turner does not reside in Ohio, she provided a Florida address for Defendant, and she did not indicate whether any of the events giving rise to her claims occurred in Ohio. *Id*. However, because the Magistrate Judge recommended dismissal of the Complaint, the venue concerns were rendered moot. *Id*.

The day after the Magistrate Judge's Report and Recommendation was entered, the Clerk of the Court docketed a copy of Turner's right to sue letter from the EEOC, with a notation that the document was not previously included in docketing the Complaint due to a clerical error. [R. 6] Thus, in light of the receipt of the Notice of Right to Sue issued by the EEOC, the Magistrate Judge issued an Amended Report and Recommendation withdrawing the recommendation of

---

[2] Before an aggrieved employee may file an employment discrimination suit against their employer under the provisions of Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq.*, he or she must first satisfy the two prerequisites to bringing a federal action "(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e–5(f)(1)); *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 798 (1973)).

2

dismissal for failure to exhaust, but continuing to recommend dismissal of the Complaint for failure to state a claim for relief. [R. 7.]

Turner then filed an Objection to the Magistrate Judge's Amended Report and Recommendation, stating (for the first time) that she is a 55-year old Black woman and that she was discriminated against because of her race. [R. 12.] She also states that she was employed by Citi in Florence, Kentucky. *Id.* The Magistrate Judge then entered an Order noting Turner's allegation of racial discrimination in her Objection, but also noting that Turner was employed by Citi in Florence (Boone County), Kentucky, which is located in this judicial district. *See* 28 U.S.C. § 97(a); LR 3.1(a)(1)(B). Thus, because Turner's Objection confirmed that neither Plaintiff nor Defendant resided in, nor have any connection to, the Southern District of Ohio, the Magistrate Judge transferred the case to this Court, vacating her Report and Recommendation and Amended Report and Recommendation so that this Court may conduct its own initial screening of Turner's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [R. 13.]

Thus, while this case took an unusual path to get here, this matter is now before this Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require

3

detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Court evaluates Turner's Complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and her legal claims are liberally construed in her favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "legal conclusions or unwarranted factual inferences," need not be accepted as true, and "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 9903 (6th Cir. 2009)). *See also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Moreover, while the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). *See also Kamppi v. Ghee*, 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000) ("Thus, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations.").

Turner's Complaint fails to satisfy the general pleading standards of Federal Rule of Civil Procedure 8. Turner's factual allegations consist of the following:

> After working a 40 hr week, I was not paid on 8/23/19 when I inquired about it, I was told "I probably owed bills…and it was taken" I was also told by Lisa Padgette (trainer[]) that she could not assist me with getting my paycheck. I continued to call every day about my pay, only to be told I would receive it (I was given multiple dates). I also could not sign up for insurance because I was given the wrong ID number. I was eventually paid on

4

> 9/13/19. During this time I reported these issues to the ethics Dept. I the[n] began to be retaliated against. I was told that I would have to be put into another training class. I missed days of work because I wasn't paid. I was told I could have found a way to get there. I was called names (I consider slurs). I was told that I could not miss another day. I could not use my insurance. They refused to tell me why I had to wait on backpay. Very hostile work environment. I was fired.

[R. 3 at 2-3.] As relief, she seeks back pay, insurance costs, and punitive damages for emotional distress in the amount of $250,000.00. *Id.* at 3.

However, notably missing from Turner's Complaint is any allegation that she was discriminated or retaliated against because of her membership in a protected class. While *pro se* pleadings are construed with some leniency, the Court may not conjure up factual allegations missing from the complaint to support the plaintiff's conclusory allegations. *Martin*, 391 F.3d at 714; *Kamppi*, 208 F.3d 213 (table), 2000 WL 303018, at *1. Accordingly, this Court independently agrees with the Magistrate Judge's prior conclusion that Plaintiff's Complaint "contains nothing more than the type of 'unadorned, the-defendant-unlawfully-harmed-me-accusation' that the Supreme Court has directed courts to dismiss." [R. 5 at 6; R. 7 at 6 (quoting *Iqbal*, 556 U.S. at 678).]

Turner's submission is not saved by her explanation in her Objection to the Magistrate Judge's Amended Report and Recommendation, stating (for the very first time) that she is a 55-year old Black woman and that she believes that she was discriminated and retaliated against because of her race. [R. 12.] As initial matter, Turner has not amended her Complaint, which is the operative pleading for purposes of initial screening. Turner may not file a complaint piecemeal by presenting her claims and supporting factual allegations in multiple documents, leaving it to the Court and the defendant to piece together her claims. Rather, a complaint should include all allegations, claims, and defendants in a single document.

5

However, even if the Court considered her statement in her Objection that her claim is one of racial discrimination, what remains absent are any factual allegations supporting her conclusion that she was discriminated against because of her race.  Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient to state a claim for relief.  *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).  Her allegations that she believes that her first paycheck was improperly delayed and that she was given the "wrong ID number" to obtain insurance are insufficient to state a discrimination claim, absent some allegation tying these actions to her race.  Even her allegation that she was called "names" that she considers "slurs" is insufficient, without further information indicating that these names or slurs were based on her race.  Turner's statement in her Objection that she is Black simply does not suffice to state a claim for racial discrimination, as she alleges no facts to support her conclusory allegation that her treatment by her employer had anything to do with her race.  *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (affirming dismissal of inmate's claim of racial discrimination because "plead[ing] a legal conclusion without surrounding facts to support the conclusion…fails to state a claim.").  *See also Elliott v. Plaza Properties, Inc*., 2010 WL 2541020, at *7 (S.D. Ohio June 18, 2010) ("…conclusions [of racial discrimination] without any factual support are now insufficient to satisfy the pleading standards of the Federal Rules of Civil Procedure, as explained in [*Twombly*, 550 U.S. 544] and *Iqbal*.").

For all of these reasons, Turner's complaint fails to state a claim for which relief may be granted and will be dismissed on this Court's initial screening pursuant to 28 U.S.C. § 1915.

Accordingly, the Court hereby **ORDERS** as follows:

1. Turner's complaint [R. 3] is **DISMISSED WITHOUT PREJUDICE**.
2. Any pending requests for relief are **DENIED AS MOOT**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's docket.

This the 5th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge